## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

01 DEC 21  PM 3: 50

DIANE GAUDREAULT, Individually,
THEODORE GAUDREAULT, Individually,
LINDSEY THOMAS, Individually,
and as Parent and Next Friend of and
on behalf of JAIDEN THOMAS,
BREANNA THOMAS, minors, and as Personal
Representative for the ESTATE OF ALEXIS THOMAS
deceased,

**CIV-01  1431**

**LORENZO E. GARCIA**
**WILLIAM W. DEATON**

Plaintiffs,

vs.                                                    No. CIV

WAYLON RADOSEVICH, WAYNE RADOSEVICH,
and PROGRESSIVE INSURANCE COMPANY,
a foreign corporation,

Defendants.

### COMPLAINT TO RECOVER
### DAMAGES FOR PERSONAL INJURY

Plaintiffs, by and through their attorneys of record, Vigil & Vigil, P.A., for their

complaint against Defendant, states:

1.    Plaintiff Diana Gaudreault is a resident of the City of Lincoln, County of

Lancaster, State of Nebraska.

2.    Plaintiff Theodore Gaudreault is a resident of the City of Lincoln, County

of Lancaster, State of Nebraska.

3.    Plaintiffs Lindsey Thomas, Jaiden Thomas, and Breanna Thomas are

residents of the City of Higginsville, County of Lafayette, State of

1

Missouri.

4.  At the time of the incident, Plaintiff Alexis Thomas, now deceased, and the minor child of Lindsey Thomas, personal representative, was a resident of the City of Lincoln, County of Lancaster, State of Nebraska.

5.  That at all times material hereto, Defendant Waylon Radosevich was a resident of the City of Gallup, County of McKinley, State of New Mexico.

6.  That at all times material hereto, Defendant Wayne Radosevich was a resident of the City of Gallup, County of McKinley, State of New Mexico.

7.  Defendant Progressive Insurance Company, upon information and belief, at all times material hereto, was a foreign corporation, organized and licensed to do business within the State of New Mexico and whose relationship to Defendant Waylon Radosevich is that of insurer. Defendant Progressive Insurance Company is therefore responsible for payment of all or some of any judgment in this case and is a real party in interest Defendant.

8.  The incident giving rise to this suit occurred on Interstate 40 westbound, in the County of McKinley, State of New Mexico.

9.  Defendant Progressive Insurance Company has alleged that Plaintiff Theodore Gaudreault potentially may be an interested party- defendant but he has not been joined in this action due to the fact that the Gaudreault's attorneys have a conflict of interest in accordance with Fed.

R. Civ. P. 19(c).

10.    Jurisdiction and venue of the Court is proper pursuant to 28 USCA §1332 and the amount in controversy exceeds $ 75,001.

11.    On or about December 23, 1998, at approximately 12:00 p.m. Diane and Theodore Gaudreault, and their daughter and grandchildren were in the left westbound lane of Interstate 40 near milepost marker 34 which is located in McKinley County, New Mexico. Then sixteen year-old, Waylon Radosevich, advised the investigating police officer immediately after the accident that the Plaintiffs' "van was in his blind spot and he did not see it until he began to move into the left lane." Waylon Radosevich further advised others at the scene that he was falling asleep at the wheel. Without properly checking for traffic in the left lane, Defendant pulled into Mr. Gaudreault's lane forcing Mr. Gaudreault to suddenly swerve his vehicle to avoid Waylon Radosevich ramming them. The Gaudreault vehicle skidded, out of control and then flipped, crashing through the fence lining the roadway and causing injuries and damages to all Plaintiffs.

12.    Defendant, Waylon Radosevich, operated the vehicle in a negligent, grossly negligent, careless and/or reckless manner which directly and proximately caused injuries to Plaintiffs as hereinafter alleged.

13.    The negligent, grossly negligent, careless and/or reckless conduct includes, but is not limited to, the following:

3

a.  Operating a vehicle without keeping a proper lookout so as to avoid placing Plaintiffs in danger and preventing this collision;

b.  Driving the vehicle in a careless and heedless manner, thus causing this collision;

c.  Not giving his full time and entire attention to the operation of the vehicle which caused this collision;

d.  Driving in a careless and imprudent manner, so as to endanger life, limb or property such that a collision occurred;

14.  As a direct and proximate result of the negligent, grossly negligent, careless and/or reckless actions of the Defendants, the Plaintiffs suffered injuries to their bodies, both temporary and permanent, endured pain and suffering, both physical and mental, incurred medical expenses, have undergone medical treatment and will undergo medical treatment in the future and have suffered lost of enjoyment of life, have been unable to engage in normal family, social, recreational and household services, activities and other damages which will continue into the future. Plaintiffs are entitled to compensation for their damages.

15.  At the time of the aforesaid collision, there were in force and in effect certain New Mexico statutes which were violated by Defendant, including, but not limited to, the following:

a.  NMSA 1978, § 66-7-332  Failure to Yield;

4

2.    NMSA 1978, § 66-8-113  Reckless/Careless Driving; and

3.    NMSA 1978, § 66-7-310  Improper Passing;

16.    Defendant's violation of the New Mexico statute constitutes negligence as a matter of law.

17.    Defendant's negligence was a proximate cause of the injuries and damages to Plaintiffs as described herein.

18.    Upon information and belief, at all times material hereto, Wayne Radosevich was the father of Waylon Radosevich, a minor, who resided with his family in the Radosevich household.  During the incident complained of herein, Waylon Radosevich, was operating a vehicle owned by his father Wayne Radosevich, who made the vehicle available for his son's general uses.

19.    Defendant Wayne Radosevich is liable under the family purpose doctrine for any injury or damage proximately caused by negligent operation of the motor vehicle by Waylon Radosevich, his son.

20.    Upon information and belief, at all times pertinent hereto and as to all acts alleged herein, Defendant Wayne Radosevich was the owner of the 1998 silver Pontiac, two-door vehicle being driven by his son, Waylon Radosevich.

21.    At all times pertinent hereto, Defendant Wayne Radosevich entrusted the aforementioned vehicle to Waylon Radosevich, with his full knowledge of

5

and acquiescence to his driving said vehicle.

22. Defendant Wayne Radosevich knew, or should have known, that his son, Waylon Radosevich, was not competent to drive his car. Defendant Wayne Radosevich negligently entrusted the vehicle to Waylon Radosevich which proximately caused harm to the Plaintiffs on December 23, 1998.

23. At all times pertinent hereto, Defendant Wayne Radosevich entrusted the aforementioned vehicle to Waylon Radosevich, with his full knowledge of and acquiescence to his driving said vehicle.

24. Defendant Wayne Radosevich negligently entrusted said vehicle to Waylon Radosevich and is, therefore, liable for the injuries to Plaintiffs proximately caused by the incident of December 23, 1998, wherein Defendant Waylon Radosevich was driving the vehicle.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For reasonable compensatory damages;

B. For punitive damages;

C. For prejudgment and post judgment interest; and

D. For the cost of this action, and for such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

25. This serves as Plaintiff's Demand for Trial by Jury.

6

VIGIL & VIGIL, P.A.

By:    LISA K. VIGIL, ESQ.
       AMALIA S. LUCERO, ESQ.
       Attorneys for Plaintiffs
       2014 Central Avenue SW
       Albuquerque, New Mexico 87104
       Telephone: (505) 243-1706
       Facsimile: (505) 842-1848