IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE GAUDREAULT, Individually, THEODORE
GAUDREAULT, Individually, LINDSEY THOMAS,
Individually, and as Parent and Next Friend of and
on behalf of JAIDEN THOMAS, BREANNA
THOMAS, minors, and as Personal Representative
for the ESTATE OF ALEXIS THOMAS, Deceased,

      Plaintiffs,

vs.                                                                                Civ. No. 01-1431 LFG/WWD ACE

WAYLON RADOSEVICH, WAYNE RADOSEVICH,
and PROGRESSIVE CASUALTY INSURANCE
COMPANY, a foreign corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion for Protective Order [docket no. 24] filed June 11, 2002. This lawsuit involves a third party claim for a motor vehicle accident which occurred in 1998. Bad faith is not alleged. Defendants seek to block the taking of the videotaped deposition of Veronica Cordova, Senior Claims Litigation Specialist for Defendant Progressive Casualty Insurance Company. In the Amended Notice of Oral Videotape Deposition Duces Tecum, deponent is directed to bring to her deposition the following, to wit:

> a copy of any and all documents relating to Progressive Casualty Insurance Company's pre-litigation investigation of a December 23, 1998 motor vehicle incident involving the Gaudreault family and your insured, Waylon Radosevich, in McKinley County, New Mexico, including, but not limited to, witness statements, photographs, investigative reports, and claim evaluation reports, and any and all documents evidencing the Gaudreaults' damages and Radosevich's damages.

The notice indicates that the deposition may be used at trial.

Defendants object to the taking of the videotape deposition duces tecum claiming that the information contained in the files of Progressive Casualty Insurance Company is protected work

product. Plaintiffs contend that Veronica Cordova was properly subpoenaed and that she has failed to appear as well as to produce the subpoenaed documents. Plaintiffs contend that work product protection applies only to documents and not to a witness' testimony. Additionally, Plaintiffs point out that Defendants have failed to file a motion to quash the subpoena or an objection to producing the subpoenaed documents as required by Fed. R. Civ. P. 45. Plaintiffs also point out that Defendants have failed to produce a privilege log for any information which is sought to be withheld on the claim of work product protection.

### *Discussion*

If a properly prepared subpoena was served on Veronica Cordova, a motion to quash should have been filed by her. Since the only subpoena I have seen a copy of was not addressed to anyone, I will not dwell on that question. I note that a privilege log was belatedly filed with the reply to the instant motion. I find no waiver by Defendant Progressive Casualty Company for failing to serve a privilege log earlier. Although confronted with a claim of attorney work product protection, Plaintiffs have made no showing of "substantial need" of the materials sought to be produced by the subpoena duces tecum. Defendants' Motion for Protective Order is not in the form prescribed by D.N.M. LR-CIV- 7.5. Notwithstanding the aforementioned deficiencies, I will address the instant motion on the merits.

There are diverse opinions dealing with whether an insurance company file can be discovered either entirely or in part. Notwithstanding the fact that the approach here used was one of a deposition notice duces tecum, or a subpoena duces tecum, what is sought is all, or at least a portion, of the claims file of Progressive Casualty Insurance Company concerning the incident which gave rise to this lawsuit. Defendants do not make any claim of privilege in the privilege log with respect to a number of documents, and copies of those documents should be delivered to Plaintiffs on or before July 19, 2002. To determine whether work product

protections should be extended to the documents where such protection is claimed, I will need to make an *in camera* inspection.

A deposition of Veronica Cordova is not warranted at this time, and I will not allow the deposition to be taken.

**WHEREFORE, IT IS ORDERED** that on or before July 18, 2002, Defendant shall deliver to the undersigned for an *in camera* inspection copies of Bates Numbered documents AA-1-6, 25-26, 39, 40-49, 118-120, 122-126, 136-144, 146-148, 160-168, 170-174, 185-191, 193-200, 202-205, 218, 245, 247-248, 259, 272, 274, 283, and 291-403.

**IT IS FURTHER ORDERED** that on or before July 19, 2002, Defendant shall deliver to Plaintiffs copies of all documents named in the privilege log for which no privilege is claimed with the reasonable copying costs to be borne by Plaintiffs.

**IT IS FURTHER ORDERED** that the Notice of Video Taped Deposition of Veronica Cordova and the Amended Notice of Video Taped Deposition be **vacated and set aside.**

**FINALLY, IT IS ORDERED** that the Subpoena in this cause emanating from Vigil and Vigil and apparently not directed to anyone, be, and it is hereby, **QUASHED.**

_____
UNITED STATES MAGISTRATE JUDGE